FIRST NATIONAL BANK OF PAWTUCKET *vs.* EDWARD ADAMSON.

PROVIDENCE—MARCH 20, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Bills and Notes.   Endorsers.   Guarantors.   Notice.   Waiver of Notice.*

Defendant was payee of a note and became endorser upon its transfer. The note bore, under the signature of the endorsers, the following endorsement, signed before maturity by defendant and another. "We hereby guarantee payment of this note, waiving demand and notice to us." Defendant was sued as endorser:—

*Held,* that the waiver was that of demand and notice to defendant as endorser.

*Held,* further, that the guaranty of the note by defendant did not change his previous relation to it, but simply added to it an agreement of guaranty.

ASSUMPSIT on promissory note.   Heard on petition of defendant for new trial, and petition denied.

STINESS, C. J.   The defendant is sued as endorser of a promissory note.   At the trial the note was put in, bearing, under the signature of the endorsers, the following endorsement, signed before maturity by the defendant and another: "We hereby guarantee payment of this note, waiving demand and notice to us."

The defendant moved for a nonsuit upon the ground that by reason of the indorsement he became a joint guarantor with Atherton, suable only as such; that as guarantor he was entitled to notice; that the waiver applied to that notice, and not to notice to him as endorser; hence, notice not having been given, he was discharged as endorser.

The defendant petitions for a new trial upon the ground that the verdict was against the evidence.

(1)    At the making of the note the defendant was the payee, and became endorser upon its transfer. The waiver which he signed was clearly that of demand and notice to him as endorser, which has a technical and well-understood meaning both in law and commercial usage. It is the ordinary notice that payment has been demanded and the note dishonored. No such notice is required to be given to a guarantor or surety. The defendant relies upon a sentence in *Jackson Bank* v. *Irons*, 18 R. I. 718, which he misinterprets. The court there said: "A guarantor of a note is entitled to notice of its nonpayment within a reasonable time and, in case of the failure of the holder to give the notice, is relieved from liability to the extent of loss resulting from the failure."

This statement relates to the equitable rule that notice of nonpayment must be given to a guarantor within a reasonable time, so as to give him an opportunity to save himself from loss. Failure to give notice does not release a guarantor, except in case of consequent loss and only to the extent of the loss. Such a rule of notice, which is not uniform in all the States does not change the character of a party as shown by the note itself. It does not release one as endorser, or change him from endorser to guarantor, which is what the defendant here claims. 2 Dan. Neg. Ins. 5th ed. § 1788. In *Jackson Bank* v. *Irons*, the defendants were not endorsers at all. The question was "to construe the anomalous writing on the back of the note." *Jackson Bank v. Irons*, 19 R. I. 484. Under the law of this State as it then stood, they were either joint makers or guarantors. The case has no application to the case at bar. Here the defendant was an endorser. He waived notice in a way that could only relate to notice due to an endorser.

His guaranty of the note, if it had validity, did not change his previous relation to it, but simply added to it an agreement of guaranty. If it had no validity, for want of consideration, clearly it changed nothing.

The verdict was rightly given, and the petition for new trial is denied.

*James L. Jenks*, for plaintiff.

*Claude J. Farnsworth*, for defendant.